UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

ALAN G. OLHAUSEN, JR.,

      Plaintiff,

v.                                              **ORDER**
                                                Civil File No. 07-4593 (MJD/JSM)

JOAN FABAIN (Commissioner
of Corrections), et al.,

      Defendants.
_____

The above-entitled matter comes before the Court upon the Report and Recommendation of Magistrate Judge Janie S. Mayeron filed December 4, 2007. [Docket No. 3]  The Report and Recommendation recommends that Olhausen's Complaint be dismissed for failure to state a claim under § 1983 because Olhausen fails to allege that he has personally suffered any harm from the Department of Corrections policies described in his Complaint and, even if he has been personally affected by the policies described, none of the circumstances he describes would constitute an atypical and significant hardship such that a due process claim could apply.

1

Plaintiff Alan G. Olhausen, Jr., filed objections to the Report and Recommendation. In his objections, Olhausen asserts, for the first time, a number of alleged hardships that he experienced when transferred from one prison to another. These allegations properly address the first basis for the Report and Recommendation: Olhausen's failure to allege that he has personally suffered any harm from the Department of Corrections policies described in his Complaint. However, the Court concludes that, even if Olhausen's objections are viewed as an Amended Complaint, the second basis for the Report and Recommendation still applies.

The Court has carefully reviewed all of Olhausen's additional allegations and concludes that none of them would constitute an atypical and significant hardship such that a due process claim could apply. In particular, the Court notes that the Report and Recommendation has thoroughly and correctly set forth and applied the law regarding unwanted prison transfers, segregated confinement, lost privileges, and lost opportunities for work and rehabilitation.

With regard to Olhausen's allegations regarding his medical care, the Court concludes that he has not set forth allegations that would support an actionable civil rights claim under the Eighth Amendment or its due process

counterpart.  To plead a cognizable due process or Eighth Amendment claim based on improper medical care, "the claimant must allege facts, which if proven true, would show that the named defendant was 'deliberately indifferent' to the claimant's 'serious medical needs.'"  Rousseau v. Casteneda, Civil No. 08-236 (DSD/JSM), 2008 WL 920448, at *2 (D. Minn. Apr. 3, 2008) (unpublished) (quoting Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)).  Here, Olhausen does not allege that Defendants deliberately refused to provide medical care to him that they knew or should have known he needed.  Instead, Olhausen alleges that Defendants provided him with diagnosis and treatment that was improper.  These allegations are insufficient to state a claim.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that prisoner's mere disagreement with course of treatment prescribed by prison medical staff is not actionable under the Eighth Amendment); Rousseau, 2008 WL 920448, at *3 (same).

The Court also concludes that Olhausen's allegations regarding his missing property do not give rise to a cognizable claim.  It is not clear whether Olhausen alleges Defendants played a role in interfering with his property or whether other

inmates interfered with his personal property.  In either case, he has failed to state a claim.  See Simpson v. Hvass, 36 Fed. Appx. 221, 222 (8th Cir. 2002) (unpublished) (upholding dismissal of prisoner's claim regarding deprivation of his property because "the Minnesota Department of Corrections has a policy regarding inmates' claims for lost or damaged property" and "even unauthorized deprivation of property by state officials does not violate due process requirements if meaningful post-deprivation remedy is available") (quoting Hubenthal v. County of Winona, 751 F.2d 243, 246 (8th Cir. 1984)).

After reviewing all of Olhausen's objections and liberally construing his allegations, including those not specifically mentioned above, both in his Complaint and in his objections, the Court concludes that Olhausen has failed to state any viable claim.  As explained in the Report and Recommendation, this conclusion means that his application for leave to proceed in forma pauperis must be denied.

Pursuant to statute, the Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on that review the Court adopts the Report and Recommendation filed December 4, 2007.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation filed December 4, 2007 [Docket No. 3] is hereby **ADOPTED**.

2. Plaintiff's application for leave to proceed in forma pauperis [Docket No. 2] is **DENIED**.

3. This action is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

4. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2).

5. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated:  May 12, 2008                             s / Michael J. Davis
                                                 Judge Michael J. Davis
                                                 United States District Court